**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RAYMOND ALLEN McNEIL, | : | CIV. NO. 21-5939 (RMB/SAK) |
| Plaintiff | : | |
| v. | : | **OPINION APPLICABLE TO ALL ACTIONS** |
| JAMES BRINING, *et al.*, | : | |
| Defendants | : | |

| | | |
|---|---|---|
| RAYMOND ALLEN McNEIL, | : | CIV. NO. 21-5941 (RMB/AMD) |
| Plaintiff | : | |
| v. | : | **OPINION APPLICABLE TO ALL ACTIONS** |
| CORY ROBINSON, *et al.*, | : | |
| Defendants | : | |

| | | |
|---|---|---|
| RAYMOND ALLEN McNEIL, | : | CIV. NO. 21-5942 (RMB/AMD) |
| Plaintiff | : | |
| v. | : | **OPINION APPLICABLE TO ALL ACTIONS** |
| GORDON SCHAEFFER, *et al.*, | : | |
| Defendants | : | |

BUMB, UNITED STATES DISTRICT JUDGE

These matters come before the Court upon pro se Plaintiff Raymond Allen McNeil's ("Plaintiff") civil rights complaints under 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Plaintiff is a pretrial detainee confined in the Camden County Jail, although he alleges in his complaints that his conviction was overturned, and that he was falsely arrested, imprisoned and prosecuted by the defendant police officers. Plaintiff's false arrest allegedly occurred on November 3, 2014, in Sicklerville, New Jersey. In each of the above-actions, Plaintiff filed an Affidavit of Poverty and Account Certification (Civil Rights) ("IFP application") (Dkt. No. 1-1) which establishes his financial eligibility to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). The Court will grant Plaintiff's IFP applications. Plaintiff's allegations in these actions involve common questions of law and fact. Therefore, the Court will consolidate these actions pursuant to Federal Rule of Civil Procedure 42(a)(2).

I.  *SUA SPONTE* DISMISSAL

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

II.     THE COMPLAINT

Plaintiff alleges the following in his complaints in the above-captioned matters. The defendants in Civil Action No. 21cv5939(RMB) are Detective James Brining, John Ellis and Cory Robinson. Plaintiff alleges Detective Brining made the decision to arrest Plaintiff without probable cause and filed the charges against him. John Ellis was "in charge of or contributed to" Plaintiff's arrest. Detective Cory Robinson allegedly falsely placed a judge's name on the arrest warrant. Plaintiff was never provided an affidavit of probable cause because a judicial determination was never made. Plaintiff was charged with first degree robbery because defendants said he looked like the bank robbery suspect in a photograph, although the photograph did not show the suspect's face. The arrest took place on November 3, 2014, in Sicklerville, New Jersey. Plaintiff's conviction was overturned. Plaintiff brings claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, malicious prosecution and, liberally construing the complaint, under New Jersey state law for abuse of process.

The defendants in Civil Action No. 21cv5941(RMB) are Cory Robinson, Donald Lemons and Kurt Gunson. Plaintiff alleges these defendants are police officers who falsely arrested him on November 3, 2014, in Sicklerville, New Jersey for attempted bank robbery. According to Plaintiff, Robinson, Lemons and Gunson issued an arrest warrant without an affidavit of probable cause. Plaintiff alleges these defendants had taken him into custody for a bank robbery one year earlier, and these false arrests occurred because defendants think all black people look alike. Plaintiff brings claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, malicious prosecution and, liberally construing the complaint, under New Jersey state law for abuse of process.

The defendants in Civil Action No. 21cv5942(RMB) are Gordon Schaeffer, M. Rauscher, and the Sheriff of Camden County. For his Statement of Claims against these defendants, Plaintiff alleges,

> I was arrested without probable cause by these officers who told me they were not sure if I was the guy they were looking for but they were gonna [sic] take me in anyway. The description they had did not match what I had on. I was falsely arrested and imprisoned without probable cause. They did not have an accurate description of the person they were looking for. They asked to [sic] other black males did they see a black male and they said yeah. But those guys never gave a description of what the person had on.
>
> These incidents took place on 12 Hewitt Lane in Sicklerville, New Jersey on November 3, 2014.

McNeil v. Schaeffer, *et al.*, Civil No. 21cv5942(RMB) (Compl., Dkt. No. 1 at 5-6.)

The Court accepts Plaintiffs' allegations as true, as it must, and the complaints may proceed in this consolidated action. See, Shorter v. United States, 12 F.4th 366 (3d Cir. 2021) (upon *sua sponte* screening for dismissal, courts must liberally construe pro se complaints and accept factual allegations at face value.) The Court, however, reminds Plaintiff of the obligation under Federal Rule of Civil Procedure 11(b)(3) that the factual contentions in the complaint must "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The Court may impose sanctions under Rule 11(c) "if the court determines that Rule 11(b) has been violated."

III.   CONCLUSION

The complaints in Civil Action Numbers 21cv5939, 21cv5941, and 21cv5942 are consolidated and may proceed.

An appropriate Order follows.

DATE: **September 30, 2021**

                                                              s/Renée Marie Bumb
                                                              **RENÉE MARIE BUMB**
                                                              **United States District Judge**