**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND ALLEN MCNEIL,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES BRINING, et al.,<br><br>  Defendants. | Civil Action No. 21-5939[1] (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the unopposed motions to dismiss (ECF No. 16) and for judgment on the pleadings (ECF No. 19) filed by Defendants in this consolidated case. For the following reasons, those motions are granted and Plaintiff's complaints are dismissed in their entirety.

I.  **BACKGROUND**

In her opinion initially screening Plaintiff's complaints, Judge Bumb summarized the factual background of this matter as follows:

> The defendants in Civil Action No. 21[-]5939[] are Detective James Brining, John Ellis, and Cory Robinson. Plaintiff alleges Detective Brining made the decision to arrest Plaintiff without probable cause and filed the charges against him. John Elis was "in charge of or contributed to" Plaintiff's arrest. Detective Cory Robinson allegedly falsely placed a judge's name on the arrest warrant.

---

[1] By order of Judge Bumb dated September 20, 2021, this matter was consolidated with two related complaints filed in Dockets 21-5941 and 21-5942. This opinion and order are applicable to claims raised in all three complaints consolidated in this matter.

Plaintiff was never provided with an affidavit of probable cause because a judicial determination was never made. Plaintiff was charged with first degree robbery because defendants said he looked like the bank robbery suspect in a photograph, although the photograph did not show the suspect's face. The arrest took place on November 3, 2014, in Sicklerville, New Jersey. Plaintiff's conviction was overturned.[2] Plaintiff brings claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, malicious prosecution, and, liberally construing the complaint, under New Jersey state law for abuse of process.

The defendants in Civil Action No. 21[-]5941[] are Cory Robinson, Donald Lemons, and Kurt Gunson. Plaintiff alleges these defendants are police officers who falsely arrested him on November 3, 2014, in Sicklerville, New Jersey for attempted bank robbery. According to Plaintiff, Robinson, Lemons and Gunson issued an arrest warrant without an affidavit of probable cause. Plaintiff alleges these defendants had him taken into custody for a bank robbery one year earlier, and these false arrests occurred because defendants think all black people look alike. Plaintiff brings claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, malicious prosecution, and liberally construing the complaint, under New Jersey state law for abuse of process.

The defendants in Civil Action No. 21[-]5942[] are Gordon Schaeffer, M. Rauscher, and the Sheriff of Camden County. For his Statement of Claims against these defendants, Plaintiff alleges

> I was arrested without probable cause by these officers who told me they were not sure if I was the guy they were looking for but they gonna [sic] take me in anyway. The description did not match what I had on. I was falsely arrested and imprisoned without probable cause. They did not have an accurate description of the person they were looking for. They asked to [sic] other black males did they see a black male and they said yeah. But those guys never gave a description of what the person had on.

---

[2] Plaintiff references the overturning of his conviction on appeal, in which he raised six points, in all of his complaints. The Court notes that the Appellate Division reversed Petitioner's conviction on July 15, 2019. *See State v. McNeil*, 2019 WL 3072096 (N.J. App. Div. July 15, 2019). In his complaint, Plaintiff stated that he was a pretrial detainee, at that time awaiting retrial. The Court takes judicial notice, however, that Plaintiff was ultimately convicted of robbery charges stemming from the same indictment on retrial in 2023. *See* New Jersey Department of Corrections Records for Raymond McNeil, https://www20.state.nj.us/DOC_Inmate/details?x=1046546&n=0 (last accessed on July 7, 2023).

> These incidents took place on 12 Hewitt Lane in Sicklerville, New Jersey on November 3, 2014.

*McNeil v. Brining*, No. 21-5939, 2021 WL 4496196, at *1-2 (D.N.J. Sept. 30, 2021). Plaintiffs' final complaint thus raises claims for false arrest and false imprisonment. In permitting all three complaints to proceed, Judge Bumb consolidated them into this matter, Docket No. 21-5939.

## II.    **LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or a motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c),[3] a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

---

[3] When a motion for judgment on the pleadings raises claims asserting a failure to state a claim or which otherwise mirror those available in a motion to dismiss, such a motion is subject to the same standards as a motion to dismiss filed pursuant to Rule 12(b)(6). *See, e.g., Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  DISCUSSION

In their motions, Defendants chiefly argue that Plaintiff's claims against them are time barred as the events in question took place in November 2014 and Plaintiff did not file his complaints until mid-March 2021. (*See* ECF No. 1). Federal civil rights claims arising out of the state of New Jersey are subject to New Jersey's two-year personal injury statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). A federal civil rights claim generally accrues when a reasonable person in the plaintiff's position would have been aware of his injury, notwithstanding that he may not yet know against whom he can bring suit. *See, e.g., Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (§ 1983 claim accrues when a reasonable person in plaintiff's position would have been aware of his injury). For claims of false imprisonment, however, a special rule applies – such a claim accrues when the plaintiff becomes bound over by judicial process – such as at an arraignment or following a formal indictment. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). Malicious prosecution claims are subject to a different accrual rule – they accrue only when the criminal proceedings terminate in the plaintiff's favor. *Id.* at 392-93. Indeed, that the proceedings terminated in the plaintiff's favor is a required element of malicious prosecution. *Id.*

4

Turning first to Plaintiff's false arrest claims, it is clear that Plaintiff was arrested in November 2014. Plaintiff was aware of the arrest at that time, and based on his allegations that Defendants were uncertain of his involvement and forged the arrest paperwork, he was aware at his arrest of its allegedly faulty nature. Therefore, his false arrest claims accrued in November 2014, and his two year limitations period thereafter expired two years later in November 2016. Thus, absent some basis for tolling or delayed accrual, this claim would be time barred. Having considered the record of this matter, this Court perceives no basis for the delayed accrual or tolling of these claims, and in failing to oppose Defendants' motions, Plaintiff has failed to present any such basis. As such, this Court must dismiss Plaintiff's false arrest claims with prejudice as time barred.

Plaintiff's false imprisonment claims are similarly facially time barred. Plaintiff was arrested on November 2014, and thereafter held in jail until, at the very least, the decision of the Appellate Division overturning his initial conviction. While Plaintiff does not allege exactly when he was held over by judicial process, public records and the Appellate Division opinion[4] clearly indicate that he was indicted in 2015. Plaintiff was therefore held over by judicial process by, at the latest, 2015, and his two year limitations period thus expired by 2017, four years before he filed suit in this matter. Without a basis for tolling, this claim, too, is time barred. As Plaintiff has

---

[4] Generally, in deciding a motion to dismiss, a court may only consider the complaint itself, matters of public record, and undisputedly authentic documents on which the complaint's claims are based. *See Hughes v. United Parcel Service, Inc.*, 639 F. App'x 99, 103 (3d Cir. 2016). A court may, however, consider any document integral to or explicitly relied upon in the complaint without converting a motion to dismiss into a motion for summary judgment, even if that document is not provided with the complaint. *Id.* Here, Plaintiff repeatedly references the overturning on appeal of his initial conviction, and explicitly references the Appellate Division overturning his conviction on "all six points" he raised on appeal. (*See* Docket No. 21-5941 at ECF No. 1 at 6.) Thus, Plaintiff explicitly relied on the appeal decision in drafting his complaint, and this Court may therefore consider it without reconstruing the motions raised here as motions for summary judgment.

failed to argue any basis for tolling, and this Court perceives no basis for tolling from the record, Plaintiff's false imprisonment claims must be dismissed with prejudice as time barred.

In his final federal claim, Plaintiff raises claims for malicious prosecution. Such claims accrue if and when the criminal proceedings conclude in Plaintiff's favor. Had Plaintiff not been retried, this would have occurred with the reversing of his conviction by the Appellate Division in July 2019, which would have been less than two years before he filed suit. Plaintiff's malicious prosecutions are therefore clearly not time barred as they did not accrue prior to July 2019. Plaintiff's problem, however, arises from the fact that, at the time he filed his complaints, he was still a pre-trial detainee two years later on the charges for which his conviction had been overturned. (*See* ECF No. 1 at 2.) Plaintiff was thereafter *convicted* of charges stemming from that same 2015 indictment in 2023, a fact of which this Court may take judicial notice without converting the pending motions into motions for summary judgment as a conviction is a matter of public record. *See, e.g. Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Because Plaintiff was ultimately convicted on charges stemming from the indictment that he claims was the subject of malicious prosecution, that criminal matter did not terminate in his favor. As such, his malicious prosecution claim cannot be time barred as it has, in fact, not yet even accrued. Although this undermines the assertion of untimeliness for these claims, it also inexorably leads to the conclusion that Plaintiff cannot yet state a plausible claim for relief for malicious prosecution as his criminal proceedings did not terminate in his favor, and Plaintiff's malicious prosecution claims must therefore be dismissed without prejudice as a result.[5]

---

[5] This conclusion logically flows from the Court's conclusion that the statute of limitations argument does not apply to the malicious prosecution claims, and is thus a consequence, if not the initial goal of Defendants arguments. To the extent one might argue that a finding that Plaintiff fails to state a claim for malicious prosecution in light of his ultimate conviction goes beyond the arguments of Defendants, this Court retains the authority to dismiss Plaintiff's malicious

This Court will therefore dismiss all of Plaintiff's false arrest and imprisonment claims with prejudice as time barred, and will dismiss his malicious prosecution claims without prejudice for failure to state a claim for relief. Because this Court will therefore dismiss all claims over which the Court had original jurisdiction, this Court must decline to exercise supplemental jurisdiction over Plaintiff's remaining state court abuse of process claims pursuant to 28 U.S.C. § 1367(c)(3). *See Borough f. W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Because this Court will therefore dismiss Plaintiffs' complaints in their entirety, this Court need not and does not decide Defendants' remaining arguments. Defendants' motions are therefore granted, and Plaintiffs' complaints are dismissed in their entirety.

## IV.     CONCLUSION

For the reasons expressed above, Defendants' unopposed motions (ECF Nos. 16, 19) are **GRANTED** and Plaintiffs' complaints are **DISMISSED** in their entirety. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

prosecution claims on that basis in light of the granting of *in forma pauperis* status pursuant to 28 U.S.C. § 1915(e)(2)(B).

7